# In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 02-2538

ISMAEL YANEZ-GARCIA,

*Petitioner*,

v.

JOHN D. ASHCROFT, Attorney General
of the United States,

*Respondent.*

_____

No. 02-2666

NIR MASOK,

*Petitioner*,

v.

JOHN D. ASHCROFT, Attorney General
of the United States,

*Respondent.*

_____

On Petitions for Review of Orders
of the Board of Immigration Appeals.
Nos. A91 334 042 & A38 686 189

_____

ARGUED OCTOBER 1, 2003—DECIDED NOVEMBER 2, 2004

_____

Before KANNE, ROVNER, and EVANS, *Circuit Judges*.

ROVNER, *Circuit Judge*.  Ismael Yanez-Garcia and Nir Masok are permanent resident aliens, each of whom has pleaded guilty in Illinois state court to possession of cocaine. The Board of Immigration Appeals concluded that this offense qualified as a drug trafficking crime, and therefore as an aggravated felony, rendering Yanez and Masok ineligible for cancellation of removal. Each of them filed a petition for review, asking us to overturn the BIA's conclusion that a single possession offense can qualify as a drug trafficking crime. This calls for us to address the meaning of "drug trafficking crime," which is defined as "any felony punishable under" federal drug laws. Specifically, we are asked to decide whether the term applies to drug crimes that are felonies under state law but only misdemeanors under federal law. However, the jurisdiction-stripping provisions of the Immigration and Nationality Act make it impossible for us to do so on direct review. We must therefore transfer this case to the district court for consideration as a petition for habeas corpus.

Under the Immigration and Nationality Act ("INA"), an alien who has been convicted of violating any law relating to a controlled substance offense is deportable. 8 U.S.C. § 1227(a)(2)(B). If that alien is a permanent resident (and meets certain other criteria) he may ask the Attorney General for discretionary cancellation of removal. 8 U.S.C. § 1229b(a). This remedy is unavailable, however, if the alien has been convicted of an aggravated felony. 8 U.S.C. § 1229b(a)(3). An alien with an aggravated felony conviction also may not return to the United States for at least twenty years, 8 U.S.C. § 1182(a)(9)(A)(i), and faces heightened penalties if he does return, 8 U.S.C. § 1326(b)(2). The definition of aggravated felony includes a "drug trafficking crime," 8 U.S.C. § 1101(a)(43)(B), which in turn includes "any felony punishable under the Controlled Substances Act ['CSA']," 18 U.S.C. § 924(c)(2).

Under the CSA, a first-time simple possession offense is (with irrelevant exceptions) punishable by a maximum of one year in prison, and is considered a misdemeanor. 21 U.S.C. § 844(a). In contrast, a second possession offense can carry a maximum sentence of two years, and is considered a felony. *Id.*

State laws, of course, classify drug offenses differently. In Illinois, possession of less than 15 grams of cocaine (the offense to which Yanez and Masok each pleaded guilty) is considered a Class 4 felony. 720 ILCS 570/402(c). So the question arises: if a state-law drug felony would only be a misdemeanor under federal law, is it considered a "felony punishable under" the Controlled Substances Act—and therefore a "drug trafficking offense"—for purposes of immigration law?

Until recently, the Board of Immigration Appeals held that it was not. Under its "hypothetical federal felony" rule, a drug offense had to be punishable as a felony under federal law in order to be considered a drug trafficking offense under the INA. *See In re L-G-*, 21 I. & N. Dec. 89, 102 (BIA 1995); *Gerbier v. Holmes*, 280 F.3d 297, 312 (3d Cir. 2002) (split panel) (endorsing the "hypothetical federal felony" test); *Aguirre v. INS*, 79 F.3d 315, 317-18 (2d Cir. 1996) (adopting the BIA's test in the interest of uniformity, but noting that "the statutory point is fairly debatable").

This was the rule in force at the time of Yanez's removal hearing. Although Yanez had two Illinois convictions for cocaine possession, which he conceded subjected him to removal, he wished to apply for cancellation. But the Immigration Judge concluded that because a second possession conviction is punishable as a felony under federal law, Yanez's second conviction qualified as an aggravated felony. The IJ therefore found him ineligible for cancellation of removal.

Yanez disputed this conclusion before the BIA. He pointed out that his first conviction resulted in probation, which

was revoked only when he pleaded guilty to his second offense. He argued that there was thus no "prior final conviction" at the time of his second conviction, so the latter would not qualify as a federal felony. He still conceded removability, but argued that he should be allowed to apply for cancellation of removal.

The BIA did not decide whether Yanez's first conviction was "final." Instead, it took the occasion to reevaluate its longstanding "hypothetical federal felony" rule. It noted that some circuit courts had disagreed with that rule, although in the separate context of illegal reentry after removal. In that context, those circuits had concluded that "any felony punishable under" the Controlled Substances Act included any state-law felony punishable under the Act, even if it would only be a misdemeanor under federal law. *See*, *e.g.*, *United States v. Hernandez-Avalos*, 251 F.3d 505, 509 (5th Cir. 2001); *United States v. Ibarra-Galindo*, 206 F.3d 1337, 1341 (9th Cir. 2000). Considering itself unable to sustain a different interpretation in those circuits, even for purposes of removal, the BIA decided to abandon its blanket use of the "hypothetical federal felony" test and to defer to the interpretation of "drug trafficking crime" given by each regional circuit. *See Matter of Yanez*, 23 I. & N. Dec. 390 (BIA 2002).

Because the Seventh Circuit has not yet decided whether "drug trafficking crimes" include state felonies punishable only as misdemeanors under federal law, the BIA decided Yanez's case using the majority circuit rule—that a state-law drug felony is a "drug trafficking crime"—and found that each of Yanez's possession convictions was therefore an aggravated felony, making him ineligible for discretionary relief.

On the basis of its holding in *Matter of Yanez*, the BIA proceeded to decide a number of cases involving aliens convicted of state-felony drug crimes, including the case of pe-

titioner Nir Masok. Like Yanez, Masok had pleaded guilty in Illinois to simple possession of cocaine. Removal proceedings were instituted, at which Masok conceded removability and attempted to seek cancellation of removal. This was foreclosed by the IJ's determination that Masok's Illinois conviction was punishable under federal law as a felony, due to an earlier conviction under Georgia law for possession of marijuana. When Masok disputed this conclusion on appeal, the BIA resolved the case by finding, under *Yanez*, that Masok's Illinois conviction alone rendered him an aggravated felon and ineligible for cancellation.

We are now asked to decide whether we agree with this "state-law felony" test, or whether we instead endorse the older "hypothetical federal felony" test. But there is a threshold problem: it is not clear that we have jurisdiction over the case. The INA provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1227(a)(2)(A)(iii) [or] (B)"—that is, an aggravated felony or a controlled substance offense (whether state or federal). 8 U.S.C. § 1252(a)(2)(C). The first of these is not a problem: until we decide the question at hand, we do not know whether Yanez or Masok has in fact committed an aggravated felony. *See Flores-Leon v. INS*, 272 F.3d 433, 437 (7th Cir. 2001). But we do know that each has committed a state-law drug crime—in fact, that is the premise of the question we need to decide. And those controlled substance offenses, whether or not aggravated felonies, appear to deprive us of jurisdiction.

There is something paradoxical about this: in order to present the question of whether a state-law drug felony is necessarily a "drug trafficking crime," an alien must concede that he has been convicted of a controlled substance offense, which takes the case out of our jurisdiction. We therefore have no way, it seems, to resolve this question on direct review. And yet, as we said in *LaGuerre v. Reno*, 164

F.3d 1035, 1041 (7th Cir. 1998), "[i]t seems unlikely that Congress would have wanted the [BIA] to have the final word on so pure and fundamental a question of law" as the meaning of "drug trafficking crime."

Is there some other way for us to reach the question? After the Supreme Court's decisions in *INS v. St. Cyr*, 533 U.S. 289 (2001) and *Calcano-Martinez v. INS*, 533 U.S. 348 (2001), we know that habeas review remains available under 28 U.S.C. § 2241, even though Congress has eliminated direct judicial review. It was through such a petition, in fact, that the Third Circuit has been able to address this question. *See Gerbier v. Holmes*, 280 F.3d at 312 (adopting the "hypothetical federal felony" test instead of the "state-law felony" test). Similarly, the Fifth Circuit in *Flores-Garza v. INS*, 328 F.3d 797 (5th Cir. 2003), dismissed a petition for direct review of the question, but held that the district court had jurisdiction to review it through a § 2241 petition.

More recently, the Ninth Circuit has addressed the "drug trafficking crime" question on direct review, treating it as an anterior jurisdictional question that it has authority to resolve. *See Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 918 (9th Cir. 2004) (agreeing with the Second and Third Circuits in adopting the "hypothetical federal felony" test in the immigration context). The court also found, however, that the petitioner's controlled substance offense deprived it of jurisdiction to review his individual case. It therefore invoked 28 U.S.C. § 1631 to transfer the case to the district court as if it had been filed as a petition for habeas corpus. *See id.* at 919.

We appreciate the economy of the Ninth Circuit's approach in deciding the "drug-trafficking crime" question directly without a detour through the district court. But although that question is indeed jurisdictional, and we have jurisdiction to determine our jurisdiction, the fact that Yanez and Masok have committed controlled substance offenses

independently deprives us of jurisdiction over their cases, effectively mooting the drug-trafficking question. We therefore do not see how we can assume jurisdiction to decide that question on this petition for review. That does not mean that we will never be able to decide the question, but only that it must first be addressed by the district court, which we agree has jurisdiction under § 2241.

Finding it in the interest of justice, we will therefore transfer these two cases to the district court under 28 U.S.C. § 1631 for consideration as petitions for habeas corpus. The parties shall confer and submit a joint statement within 10 days identifying the appropriate district to which these cases should be transferred.

A true Copy:

      Teste:

                     _____
                     *Clerk of the United States Court of*
                     *Appeals for the Seventh Circuit*