# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 04-1481

JOSE LUIS GARCIA,

*Petitioner,*

*v.*

JOHN D. ASHCROFT,

*Respondent.*

_____

Petition for Review of an Order of
the Board of Immigration Appeals.
No. A91 005 287

_____

ARGUED NOVEMBER 17, 2004—DECIDED JANUARY 6, 2005

_____

Before COFFEY, MANION, and ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.* Jose Luis Garcia has been in the United States without authorization since 1977. In 1988 he pleaded guilty in an Illinois court to simple possession of a small quantity of cocaine, but after he successfully completed probation under the state's deferred-adjudication statute, the charge was dismissed. Then in 2000 the former Immigration and Naturalization Service ("INS") charged Garcia as removable, alleging both that he is in the United States illegally and that he had been "convicted" of a controlled substance offense because of his guilty plea in 1988. The Immigration Judge ("IJ") agreed with both contentions

and ordered Garcia removed. In addition, though, the IJ concluded that Garcia's drug offense also qualified as an "aggravated felony," making Garcia ineligible for voluntary removal. Garcia petitions for review, arguing that his Illinois drug offense should not be characterized as an "aggravated felony" because the same conduct if prosecuted in federal court would have resulted in a misdemeanor conviction. We cannot address that question, however, because Garcia does not dispute that for immigration purposes his guilty plea resulted in a conviction for a controlled substance offense that strips us of jurisdiction to further review whether the offense is properly characterized as an aggravated felony. Still, rather than dismiss Garcia's petition for lack of jurisdiction, we follow our recent decision in *Yanez-Garcia v. Ashcroft*, 388 F.3d 280 (7th Cir. 2004), and transfer it to the district court under 28 U.S.C. § 1631 for consideration as a petition for a writ of habeas corpus.

## I.

In 1988 Garcia was caught in Illinois with 0.23 grams of cocaine and pleaded guilty to simple possession of a controlled substance. At the time, the Illinois Controlled Substances Act classified possession of less than 15 grams of cocaine as a Class 4 felony. Ill. Rev. Stat., ch. 56.5 § 1402(c) (1988). However, Garcia was sentenced under former § 1410, *see* Ill. Rev. Stat., ch. 56.5 § 1410 (1987) (now codified at 720 Ill. Comp. Stat. 570/410), which permits a sentencing court to defer entry of judgment for first-time drug offenders and impose a term of probation. Garcia satisfactorily completed his term of probation term in October, and afterward the criminal charge was dismissed. Under Illinois law, a charge dismissed under § 1410 is not deemed to be a conviction. 720 Ill. Comp. Stat. 570/410(f).

In 2000 the INS charged Garcia as removable because he is not authorized to be in the United States, INA § 212(a)(6)(A)(I), 8 U.S.C. § 1182(a)(6)(A)(I), and because, in

the agency's view, Garcia's guilty plea resulted in a conviction for possession of a controlled substance, INA § 212(a)(2)(A)(I)(II), 8 U.S.C. § 1182(a)(2)(A)(I)(II). At his removal hearing Garcia conceded that he is in the country illegally, but argued that for immigration purposes he does not have a conviction because—as far as Illinois is concerned—the drug charge resulted in a dismissal, not a conviction. Federal immigration law gives no effect to a state action (here the dismissal after successful completion of § 1410 probation) that purports to expunge a guilty plea or conviction by operation of a state rehabilitative statute. Therefore, the IJ reasoned the Illinois proceedings did result in a conviction for a controlled substance offense. At his hearing Garcia also requested voluntary removal, but the IJ concluded that Garcia is ineligible for that relief because the Illinois charge not only resulted in a conviction for a controlled substance offense, but also qualified as an "aggravated felony," *see* INA §§ 101(a)(43)(B), 240(b)(b)(1). The Board of Immigration Appeals ("BIA") affirmed the IJ's decision without opinion.

## II.

In his petition for review, Garcia does not dispute that his unauthorized presence in the United States provides a sufficient basis for removal. And, despite the position he took before the IJ, Garcia now concedes that his 1988 guilty plea did result in a "conviction" for a controlled substance offense, regardless how Illinois characterizes his successful completion of § 1410 probation. *See Gill v. Ashcroft*, 335 F.3d 574, 579 (7th Cir. 2003). Garcia's only contention here is that his Illinois drug conviction does not qualify as an aggravated felony.

That question, however, is not properly before us. We do not have jurisdiction to review a finding that an alien is removable on account of a conviction for a criminal offense

included in INA § 212(a)(2). *See* INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C); *Yanez-Garcia*, 388 F.3d at 283; *Morales-Morales v. Ashcroft*, 384 F.3d 418, 422 (7th Cir. 2004). A controlled substance offense is such a conviction. 8 U.S.C. § 1227(a)(2)(B)(i); *Yanez-Garcia*, 388 F.3d at 283. And since Garcia does not—and cannot—dispute that his Illinois drug possession resulted in a conviction for a controlled substance offense, *see Gill*, 335 F.3d at 579, we are stripped of jurisdiction to proceed on to the question whether Garcia's conviction also can be characterized as an aggravated felony. *See Yanez-Garcia*, 388 F.3d at 283.

In *Yanez-Garcia*, we were asked to decide whether a state felony conviction arising from drug conduct punishable only as a misdemeanor under federal law can be deemed an "aggravated felony" for immigration purposes. *Id.* Much like the present case, the two petitioners in *Yanez-Garcia* had pleaded guilty under Illinois law to simple possession of a small amount of cocaine, a Class 4 felony, 720 Ill. Comp. Stat. 570/402(c). But under federal law the same first-time, simple-possession offense would have been a misdemeanor, 21 U.S.C. § 844(a). The INS charged both aliens as removable because of these convictions; the agency asserted, and the IJ and BIA agreed, that the convictions were controlled substance offenses, INA § 237(a)(2)(B), 8 U.S.C. § 1227(a)(2)(B), and more specifically "drug trafficking crimes" and thus aggravated felonies, INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B). *See Matter of Yanez*, 23 I. & N. Dec. 390, 391 (BIA 2002). In determining whether drug convictions are "drug trafficking crimes" and thus aggravated felonies, the BIA applies the particular circuit's rule as to whether the state or federal characterization of the drug crime determines if it is a "drug trafficking crime." *See Yanez-Garcia*, 388 F.3d at 282. Where the question is still open, as it is in this circuit, the BIA applies the majority rule that the state-law characterization of the offense controls. *See id.* Thus, both aliens' possession convictions

qualified as aggravated felonies, making them ineligible for discretionary relief from the INS. *Id.* As in this case, the aliens petitioned for review, arguing that the federal characterization of the offense should control and that their convictions should not be considered aggravated felonies because they were punishable only as misdemeanors under federal law. *Id.* We recognized, however, that because the petitioners conceded that, at the very least, their convictions were for controlled substance offenses, we lacked jurisdiction to decide whether the crimes also were aggravated felonies. *See* INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C) (barring judicial review of any final order of removal entered against alien removable based on a controlled substance conviction). *Yanez-Garcia*, 388 F.3d at 283. Still, rather than dismiss the petition, "in the interest of justice" we transferred the case to the district court under 28 U.S.C. § 1631 for consideration as a petition for habeas corpus under 28 U.S.C. § 2241. *Id.* at 284.

The present case is indistinguishable from *Yanez-Garcia*. Garcia was properly found removable based on his controlled substance offense, and, as in *Yanez-Garcia,* we lack jurisdiction to decide whether that state felony conviction, punishable only as a misdemeanor under federal law, qualifies as an aggravated felony. That question can be addressed only by way of a § 2241 petition, not by way of a petition for review of a final decision of the BIA. Accordingly, as in *Yanez-Garcia*, we construe Garcia's petition as one for relief under § 2241 and order it transferred to the district court. The parties have 14 days to confer and submit a joint statement identifying the appropriate district to which this case should be transferred.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*