**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued June 1, 2005
Decided June 17, 2005

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-2418

| | |
|---|---|
| ABUNDIO A. GARCIA,<br>    *Petitioner*, | On Petition for Review of an Order of<br>the Board of Immigration Appeals |
| *v.* | No. A90-610-780 |
| ALBERTO R. GONZALES,<br>Attorney General of the United States,<br>    *Respondent*. | |

**O R D E R**

Mexican national Abundio Garcia failed to attend his removal hearing and was ordered removed in absentia.  The Immigration Judge denied his motion to reopen and subsequent motion to reconsider.  The Board of Immigration Appeals summarily affirmed the denial of the motion to reconsider and Garcia appeals.  We deny the petition.

In September 1995 in an Indiana state court, Garcia pleaded guilty to possession of more than 3 grams of cocaine, a class C felony, for which he received a suspended sentence of four years in prison and two years of probation.  He was granted an early satisfactory release from probation in December 1996.  Nevertheless, this conviction is grounds for removal under Section 237(a)(2)(B)(i) of the Immigration and Nationality Act [8 U.S.C. § 1227(a)(2)(B)(i)], which permits

immigration authorities to remove any alien convicted of violating a law "relating to a controlled substance." In November 2001 Garcia was served with a Notice to Appear charging him with removability based on the conviction.

No hearing date was scheduled at the time the Notice to Appear was issued; however, at a master calendar hearing that Garcia attended on April 3, 2002, he was notified, both orally and in writing, that he would receive a hearing on October 21, 2002, for his argument for relief from removal. Garcia failed to appear and the IJ ordered him removed in absentia. When counsel reached him by phone later that day, Garcia explained that he missed the hearing because he thought it was scheduled for the following day.

In his motion to reopen the proceedings, Garcia argued that his erroneous recollection was a matter "beyond his control" and thus constituted an "exceptional circumstance" warranting rescission of the in absentia order. *See* 8 U.S.C. § 1229a(b)(5)(C)(i) (providing that the IJ may rescind an in absentia removal order "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances"). In support of the motion, Garcia offered his own affidavit attesting to his "shock[]" that he had mistaken the date and a letter from his employer stating that Garcia had been "talking about" the hearing being on October 22 "for quite some while" and that he had been scheduled to receive that day off for more than a month. Garcia also claimed that his direct supervisor and a "principal" of his employer had arranged to accompany him to the hearing on October 22 to provide testimony. In his order denying the motion to reopen, the IJ acknowledged that Garcia's evidence "appear[ed] to corroborate" his assertion that he made a good faith mistake concerning the date of his hearing, but in the IJ's view that circumstance was neither "exceptional" nor "beyond [Garcia's] control."

Garcia then moved for what he called "reconsideration" of the decision—although the purpose of the motion was to introduce new evidence that he claimed he could not have obtained at the time of his earlier motion. With the motion for reconsideration, he submitted a psychological assessment by a licensed clinical psychologist whose finding was essentially that there was "nothing to suggest that [Garcia] was purposely being manipulative, deceitful or avoidant." The IJ denied Garcia's motion, explaining that it did not meet the requirements for a motion to reconsider since it did not identify a change in law or any fact or argument that had been overlooked (citing *In re Cerna*, 20 I. & N. Dec. 399 (BIA 1991)); moreover, the IJ thought the motion "more in the nature of a second motion to reopen," which would have been barred by the numerical limitations on motions to reopen under 8 C.F.R. § 1003.2(c)(2) [8 U.S.C. § 1229a(c)(6)(A)].

Garcia appealed the denial of his motion to reconsider before the BIA, but in his brief he simply reargued his position that his circumstances were exceptional without taking issue with the IJ's rulings. The BIA affirmed the denial of the motion without opinion. *See* 8 C.F.R. § 1003.1(e)(4).

On petition in this court, Garcia presents essentially the same argument he made to the BIA. Until recently, we would have dismissed the petition for lack of jurisdiction, but the relevant law has changed due to the enactment of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. Review of the petition continues to be governed by 8 U.S.C. § 1252(a)(2)(C), which prohibits the appellate courts from reviewing "any final order of removal against an alien who is removable by reason of having committed a criminal offense," defined by, *inter alia*, 8 U.S.C. § 1227(a)(2)(B) (controlled substance offenses), including possession of cocaine. *See Garcia v. Ashcroft*, 394 F.3d 487, 489 (7th Cir. 2005); *Yanez-Garcia v. Ashcroft*, 388 F.3d 280, 283 (7th Cir. 2004). However, the REAL ID Act amended § 1252(a)(2) to repeal the jurisdictional bar insofar as it affects "constitutional claims" or "questions of law," such as the one Garcia seeks to raise. REAL ID Act, sec. 106(a)(1)(A)(iii) (codified at 8 U.S.C. § 1252(a)(2)(D)); *Fernandez-Ruiz v. Gonzales*, 2005 WL 1301593, at *1 (9th Cir. May 31, 2005). Thus, we now have subject matter jurisdiction over Garcia's petition.

Nonetheless, we do not reach Garcia's "exceptional circumstances" claim because he failed to directly appeal the IJ's denial of the motion to reopen and instead chose to file a motion to reconsider. The only matter that is properly before us is whether the BIA erred in affirming the IJ's denial of the motion to reconsider. *See Laboski v. Ashcroft*, 387 F.3d 628, 631 (7th Cir. 2004); *Ahmed v. Ashcroft*, 388 F.3d 247, 248 (7th Cir. 2004).

Garcia's petition does not address whether the IJ erred in finding that his motion did not qualify as a motion to reconsider (or, alternatively, that it was a supernumerary motion to reopen). Regardless, it is clear that the IJ (and, therefore, the BIA) did not err. Section 1229a(c)(5)(C) provides: "The motion shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." *See also Ahmed*, 388 F.3d at 249 (motions to reconsider should be grounded in "'additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked,'" quoting *In re Cerna*, 20 I. & N. Dec. 399, 402 n.2 (BIA 1991)). Garcia's motion to reconsider does not even identify an error in the IJ's earlier opinion, let alone support an argument for reversal. It simply introduces a psychological assessment that Garcia claims was not available to the IJ when the IJ denied his motion to reopen.

For this reason, as the IJ recognized, the "motion to reconsider" more closely resembles a statutory "motion to reopen," which requires "new facts" and must be "supported by affidavits or other evidentiary material."  § 1229a(c)(6)(B); *see also Simtion v. Ashcroft*, 393 F.3d 733, 736 (7th Cir. 2004); *Ahmed*, 388 F.3d at 250. But Garcia would not have been helped by recharacterization of the motion, as the IJ also recognized, because as a motion to reopen, it would have run afoul of the numerical limitation on motions to reopen in § 1229a(c)(6)(A).  *See Simtion*, 393 F.3d at 736.

The BIA did not abuse its discretion in denying the motion to reconsider. Consequently, the petition for review is DENIED.