In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 15-1286

SERGIO ISUNZA,

*Petitioner*,

*v.*

LORETTA LYNCH,
Attorney General of the United States,

*Respondent*.

---

Petition for Review of an Order of
the Board of Immigration Appeals
No. A044-567-013.

---

ARGUED NOVEMBER 30, 2015 — DECIDED JANUARY 11, 2016

---

Before ROVNER, and WILLIAMS, *Circuit Judges*, and SHAH, *District Judge*.[*]

SHAH, *District Judge*. Sergio Isunza seeks judicial review of a decision of the Board of Immigration Appeals denying reconsideration of its dismissal of Isunza's appeal. Our juris-

---

[*] Of the Northern District of Illinois, sitting by designation.

diction to review such a decision is quite limited because Isunza did not seek review of the Board's original dismissal of his appeal and he is removable because he committed a controlled substance offense. The Board exercised its discretion not to reconsider its decision and it committed no legal error in applying precedent to Isunza's appeal. The petition is dismissed in part for lack of jurisdiction and denied in part.

Isunza came to the United States from Mexico when he was seventeen years old in 1978. His parents were lawfully present in the United States, but Isunza did not adjust his status in the country for many years. In 1994, he became a permanent resident through the sponsorship of his wife, a U.S. citizen. In 1998, he was found guilty of possession of 0.1 grams of cocaine and placed on probation. See 720 ILCS 570/410. He successfully renewed his permanent resident card in 2000, and traveled briefly to Mexico without incident in 2000, 2001, 2006, and 2011. Isunza's luck ran out when he returned to Chicago from Mexico in 2011. Authorities confiscated his permanent resident card.

The Department of Homeland Security alleged that Isunza was subject to removal as an alien convicted of a controlled substance offense. 8 U.S.C. § 1182(a)(2)(A)(i)(II). During his removal proceedings, Isunza conceded the charge of removability, and sought relief from removal. He argued that his continuous residency in the United States after reentering in 2000 made him eligible for cancellation of removal. 8 U.S.C. § 1229b(a). The immigration judge found that Isunza was ineligible for cancellation of removal because the clock for accruing time toward continuous residency stopped when Isunza was convicted in 1998, 8 U.S.C.

§ 1229b(d)(1), and his subsequent departures from and re-
turns to the United States did not start the clock again.

Isunza appealed to the Board of Immigration Appeals. It
found no error in the immigration judge's decision, and de-
termined that Isunza's 1998 conviction permanently termi-
nated the accrual of time toward continuous residency. It
dismissed the appeal. Isunza did not seek judicial review of
that decision, but did ask the Board to reconsider it. The
Board said that Isunza raised a new argument in his motion
that could have been presented in his appeal (namely, that
his admission into the United States as a minor should count
toward his continuous residency period). A motion to recon-
sider is not an opportunity to raise new arguments, and the
Board found no error in the rationale for its earlier dismissal
of Isunza's appeal. It denied the motion to reconsider. Isunza
then petitioned this court to review his removal.[1]

Only the Board's ruling on the motion to reconsider is be-
fore us because Isunza did not seek review of the Board's
dismissal of his appeal within 30 days of that decision.
8 U.S.C. § 1252(b)(1); *Muratoski v. Holder*, 622 F.3d 824, 829–30
(7th Cir. 2010). Our jurisdiction is further limited by 8 U.S.C.
§ 1252(a)(2)(C) because Isunza is removable based on his
commission of a drug offense. *Garcia v. Ashcroft*, 394 F.3d 487,

---

[1] Isunza suffers from a genetic heart condition and is a participant in
an experimental study at Northwestern University involving a device
implanted in his aorta. The Board noted Isunza's humanitarian argu-
ments, but only the Department of Homeland Security can grant a re-
quest for the exercise of prosecutorial discretion. At oral argument, gov-
ernment counsel reported that Isunza's requests to the department were
denied. The record does not reflect the rationale behind this unfortunate
outcome.

489 (7th Cir. 2005). Under these circumstances, we do not have jurisdiction to review discretionary decisions by the Board; only legal or constitutional claims are subject to judicial review. 8 U.S.C. § 1252(a)(2)(D).

There are two parts to the Board's decision to deny reconsideration of Isunza's appeal. First, it decided that Isunza raised a new argument about his admission as a minor that he could have presented earlier, and so it would not reconsider on that basis. Second, it reaffirmed its decision that Isunza's trips outside the country after his drug offense did not restart the clock for accruing time toward continuous presence in the United States. The first decision was a discretionary one, not of legal or constitutional dimension, and we therefore have no jurisdiction to review it.

Isunza's challenge to the second part of the board's decision—finding the residency clock permanently stopped with his 1998 drug crime—is a legal one. His argument is that his return to the United States in 2000 was, under the applicable law, an admission into the United States "in any status" and restarted the clock to determine eligibility for cancellation of removal under 8 U.S.C. § 1229b(a). We have jurisdiction to review this argument, giving deference to the board's construction of the immigration statutes. See *Zivkovic v. Holder*, 724 F.3d 894, 897 (7th Cir. 2013) (citing *I.N.S. v. Aguirre-Aguirre*, 526 U.S. 415, 424 (1999)); see also *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984).

The Board reasonably construed the statute, 8 U.S.C. § 1229b, to find that commission of a qualifying drug crime permanently terminated the accrual of time toward continuous residency. In *Matter of Nelson*, 25 I. & N. Dec. 410, 413 (BIA 2011), the Board held that commission of a specified

crime was a terminating event "after which continuous physical presence or continuous residence could no longer accrue." Isunza points out that in *Okeke v. Gonzales*, 407 F.3d 585 (3d Cir. 2005), the court determined that continuous presence could restart after a reentry into the United States. But that decision is an outlier and based on distinguishable facts—the petitioner's notice to appear for removal proceedings was tied to an overstay of a student visa, not the commission of a crime. After *Okeke*, the Board decided *Nelson*, which firmly holds that a qualifying drug crime stops the clock. The Third Circuit then affirmed *Nelson*, and held that the Board's conclusion that reentry did not restart the clock was reasonable. *Nelson v. Attorney Gen. of U.S.*, 685 F.3d 318, 325 (3d Cir. 2012). More recently, the Third Circuit again cabined *Okeke* to cases where the petitioner's notice omitted reference to a qualifying drug crime. *Singh v. Attorney Gen. of U.S.*, 807 F.3d 547, 553 (3d Cir. 2015) (residency clock stopped when petitioner committed crime and "could never re-start"). Perhaps most importantly for our purposes, this court has declined to follow *Okeke* and said that petitioners cannot restart the clock and accrue time for purposes of establishing continuous physical presence after commission of a drug crime. *Torres-Rendon v. Holder*, 656 F.3d 456, 463 (7th Cir. 2011). The Board's decision here was in line with this precedent. It also makes sense because a person who commits a drug crime and leaves the United States for a vacation "has no greater logical claim to be entitled to cancellation of removal than a similarly-situated alien who never leaves the country." *Nelson*, 685 F.3d at 325. A logical decision, con-

sistent with precedent, is a reasonable one and entitled to deference.[2]

For these reasons, the petition for review is dismissed in part and denied in part.

---

[2] Isunza's remaining arguments about the hardship that his removal would cause him and the immigration judge's denial of a continuance are outside the scope of our limited jurisdiction to review the Board's denial of the motion to reconsider.