# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

m 99-20051
Summary Calendar

———————

FELIX RIVERA-SANCHEZ,

Petitioner-Appellant,

VERSUS

JANET RENO,
United States Attorney General;
RICHARD B. CRAVENER, District Director,
United States Immigration and Naturalization Service,

Respondents-Appellees.

————————————

Appeal from the United States District Court
for the Southern District of Texas

————————————

December 30, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:

Felix Rivera-Sanchez ("Rivera") appeals the dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The district court dismissed because it concluded that Rivera had failed to exhaust his administrative remedies.

We review *de novo* the district court's legal determinations, including those concerning jurisdiction. *See Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 302 (5th Cir. 1999). Because Rivera is the party seeking to invoke federal jurisdiction, he bears the burden of demonstrating that the exercise of that jurisdiction was proper. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

Because Rivera's deportation proceedings began before April 1, 1997, and ended more than thirty days after September 30, 1996, this case is governed by the uncodified judicial review transitional provisions found in § 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"). *See Requena-Rodriguez*, 190 F.3d at 302-03. Under this transitional regime, "habeas jurisdiction continues to exist under IIRIRA's transitional rules in cases involving final orders of deportation against criminal aliens, and [] habeas jurisdiction is capacious enough to include constitutional and statutory challenges if those challenges cannot be considered on direct review by the court of appeals." *Id.* at 305.

The government argues that the district court lacked jurisdiction over Rivera's habeas petition because IIRIRA did not operate to bar him from bringing a petition for review in this court. According to the government, Rivera's

criminal offenseSSaiding and abetting an alien's entry at an improper time and place in violation of 8 U.S.C. § 1325(a)SSis not one of the offenses referenced in IIRIRA § 309(c)(4)(G), the provision that forecloses our jurisdiction to review petitions filed by aliens who are deportable because they have committed certain offenses. *See Nguyen v. INS*, 117 F.3d 206, 207 (5th Cir. 1997). Rivera asserts merely that he has committed a covered offense; he does not respond to the government's jurisdictional argument.

Under IIRIRA § 309(c)(4)(G),

there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in section 212(a)(2)[1] or section 241(a)(2)(A)(iii), (B), (C), or (D)[2] of the Immigration and Nationality Act (as in effect as of the date of the enactment of this Act), or any offense covered by section 241(a)(2)(A)(ii)[3] of such Act (as in effect on such date) for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 241(a)(2)(A)(i)[4] of such Act (as so in effect).

*See Lerma de Garcia v. INS*, 141 F.3d 215, 216 (5th Cir. 1998). The IJ concluded that Rivera's offense constituted an aggravated felony pursuant to the terms of 8 U.S.C. § 1101(a)(43)(N), which states that an aggravated felony is "an offense described in paragraph (1)(A) or (2) of section 1324(a) of this title (relating to alien smuggling)." Pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), noted the IJ, an alien who commits any

aggravated felony after admission is deportable.

The government contends that the IJ was mistaken in concluding that Rivera's conviction under 8 U.S.C. § 1325(a) qualifies as a conviction of an aggravated felony. It notes that since Rivera filed his habeas petition, the BIA has held that the offense described in § 1325(a) is not an aggravated felony. *See In re Alvarado-Alvino*, Interim Decision (BIA) 3391, 1999 WL 322973 (BIA 1999). In *Alvarado-Alvino*, the BIA held that by its plain language, § 1101(a)(43)(N) includes only convictions under § 1324(a), not those under § 1325(a). The BIA noted that § 1101(a)(43)(O) does include § 1325(a) convictions as aggravated felonies, but only when "committed by an alien who was previously deported on the basis of a conviction."

---

[1] 8 U.S.C. § 1182(a)(2) (West 1999).

[2] 8 U.S.C. § 1227(a)(2)(A)(iii), (B), (C), or (D).

[3] 8 U.S.C. § 1227(a)(2)(A)(ii).

[4] 8 U.S.C. § 1227(a)(2)(A)(i).

We agree with the BIA's analysis. Rivera's conviction of violating § 1325(a) is outside the ambit of § 1101(a)(43)(N), which is explicitly confined to convictions under § 1324(a). Likewise, because Rivera did not violate § 1325(a) after being previously deported, he did not commit an aggravated felony as defined in § 1101(a)(43)(O).

As we have stated, under IIRIRA's transitional rules, habeas jurisdiction exists only where "challenges cannot be considered on direct review by the court of appeals." *Requena-Rodriguez*, 190 F.3d at 305. Section 309(c)(4)(G) of IIRIRA denies us jurisdiction to consider petitions for review only when an alien has committed a referenced criminal offense. Because Rivera's conviction for violating § 1325(a) does not qualify as an aggravated felony that would trigger IIRIRA § 309(c)(4)(G), and because none of the other classes of offenses listed in § 309(c)(4)(G) is applicable to him, we have jurisdiction to review directly a deportation order entered against Rivera. Accordingly, the district court lacked jurisdiction to entertain Rivera's habeas petition. *See Requena-Rodriguez*, 190 F.3d at 305.

Accordingly, the judgment is VACATED, and a judgment of dismissal for want of jurisdiction is RENDERED.