IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 98-11321

---

TIJANI AHMAD MOMOH,

                                        Petitioner-Appellant,

versus

ARTHUR STRAPP, Immigration & Naturalization Service District
Director,

                                        Respondent-Appellee.

---

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 3:98-CV-812-G

---

March 20, 2000

Before HIGGINBOTHAM and PARKER, Circuit Judges, and JACK[*], District
Judge.

PER CURIAM:[**]

    Tijani Ahmad Momoh sought habeas review of his deportation
order and custody determination, and the district court dismissed
his petition for want of jurisdiction.  We AFFIRM.


                                I.

---

    [*]District Judge of the Southern District of Texas, sitting by
designation.

    [**] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Momoh is a citizen of Nigeria who first entered the United States as a visitor on August 23, 1979. He was ordered to leave in 1979 because he stayed longer than authorized, but he remained in the United States. He was convicted of theft in state court in Dallas, Texas, on September 4, 1981 and September 10, 1981. He was deported in December 1981, but he reentered the United States later that year from Mexico.[1]

The INS commenced deportation proceedings against Momoh on March 11, 1997. On June 6, 1997, the immigration judge ordered Momoh deported for entering the United States without inspection and for returning without permission after deportation. The immigration judge set a bond hearing and set Momoh's bond at $35,000. Momoh's requests for redetermination of his bond were denied because of Momoh's criminal history and his statement that he wanted to remain in the United States.

Momoh appealed to the Board of Immigration Appeals ("BIA"), which affirmed the immigration judge's order on March 19, 1998.[2]

---

[1]On reentering the United States, Momoh continued his criminal activity. He was convicted of theft on May 29, 1985. On October 1, 1992, he was convicted of presenting a fraudulent insurance claim to Nationwide Insurance Company in Georgia.

[2]While the appeal to the BIA was pending, Momoh moved the Board to reopen the deportation proceedings for purposes of adjudicating an application for adjustment of status. Because the appeal was pending, the BIA treated the motion as a motion to remand. On March 19, 1998, the BIA denied this motion because Momoh did not properly submit a completed adjustment application or visa petition filed on his behalf. The BIA also affirmed the immigration judge's deportation order and denied the motion to reopen the case and remand for consideration of the adjustment of

2

Momoh filed a petition for writ of habeas corpus on March 31, 1998, challenging his custody status and order of deportation. He alleged a variety of grounds for habeas relief.[3]

The magistrate judge recommended dismissal for lack of jurisdiction because the Immigration and Nationality Act ("INA"), § 242(g),[4] barred habeas jurisdiction over Momoh's petition challenging his order of deportation. The magistrate judge also determined that Momoh failed to demonstrate a constitutional violation supporting habeas relief. Momoh filed objections to the magistrate judge's recommendation, arguing that the Suspension Clause prevented the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") from removing all access to

status.

After Momoh filed his habeas petition, the BIA reopened Momoh's motion seeking adjustment of his status on July 21, 1998, to examine correspondence Momoh sent to the BIA that it did not consider in its initial denial of his motion. The BIA remanded Momoh's request for redetermination of his bond to the immigration judge because the immigration judge's decision on bond was not in the record. On remand, the immigration judge ordered that Momoh be held without bond. This order is still pending before the BIA, and it is not a subject of Momoh's habeas petition or this appeal. The BIA denied the motion because Momoh did not demonstrate that he had an approved visa petition or visa available to him, and the BIA dismissed the appeal. Momoh did not appeal that decision.

[3]Momoh asserted that mandatory detention was unconstitutional as applied to him as a lawful resident. He also claimed that the immigration judge lacked jurisdiction over his deportation proceeding as a different immigration judge was initially scheduled to preside over the case, that he was denied access to a transcript of the deportation hearing, that the immigration judge refused to consider Momoh's health condition, and that his bond was excessive.

[4]*See* 8 U.S.C. § 1252(g).

3

habeas review and that the court had jurisdiction over his petition. On November 5, 1998, the district court issued an order adopting the magistrate judge's recommendation.[5] Momoh timely filed a notice of appeal.

II.

We review *de novo* the district court's dismissal of a habeas corpus petition.[6]

Momoh's petition is governed by the transitional rules of the IIRIRA. The IIRIRA's transitional rules apply to persons whose deportation proceedings began before April 1, 1997, and ended more than 30 days after September 30, 1996.[7] Since the INS commenced

---

[5]Momoh filed "supporting objections" to the magistrate judge's recommendations on November 9, 1998, and he filed a notice of appeal to this court November 10, 1998. Objections to a magistrate judge's recommendations filed within ten days of the entry of judgment by the district court may be construed as a motion to reconsider the judgment. *See United States v. Gallardo*, 915 F.2d 149, 150 n.2 (5th Cir. 1990). A motion to reconsider arises under Fed. R. Civ. P. 59 if filed within ten days of the entry of judgment, without regard to the label given the motion. *See Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994). A motion to alter or amend the judgment under Rule 59 tolls the time for filing a notice of appeal. *See* Fed. R. App. P. 4(a)(4)(A)(iv). The record does not show that the district court took any action with respect to the "supporting objections." A Rule 59(e) motion may suspend the notice of appeal until the entry of an order disposing of the motion. *See Burt v. Ware*, 14 F.3d 256, 260 (5th Cir. 1994). We do not construe Momoh's "supporting objections" as a motion under Rule 59(e) because the objections do not seek to alter or amend the judgment.

[6]*Gisbert v. U.S. Attorney General*, 988 F.2d 1437, 1440 (5th Cir. 1993).

[7]*Nguyen v. INS*, 117 F.3d 206, 207 (5th Cir. 1997).

4

deportation proceedings against Momoh March 11, 1997, and the BIA disposed of his appeal March 19, 1998, his case arises under the transitional rules. One of IIRIRA's permanent rules, INA § 242(g),[8] applies to cases brought under the transitional rules of the IIRIRA.[9]

The district court dismissed Momoh's petition because it determined that it lacked jurisdiction under § 1252(g). Since then, the Supreme Court has decided *Reno v. American-Arab Anti-Discrimination Commission*,[10] in which the Court interpreted § 1252(g) to bar jurisdiction over the "three discrete actions" specified in the statute: the commencement of proceedings, the adjudication of cases, and the execution of removal orders.[11] The government argues that the district court lacked jurisdiction over Momoh's habeas petition because jurisdiction would interfere with the execution of a deportation order. However, Momoh's habeas petition seeks to attack his deportation proceeding rather than the

---

[8]INA § 242(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

[9]*See Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 303 (5th Cir. 1999).

[10]*See* 119 S.Ct. 936 (1999).

[11]*See American-Arab*, 119 S.Ct. at 943.

execution of the order, so § 1252(g) does not deprive this court of jurisdiction.

Although the district court erred, we find that the court lacked habeas jurisdiction because direct review was available to Momoh under the IIRIRA's transitional rules.[12]

The IIRIRA's transitional rule § 309(c)(4)(G) precludes direct appeals of deportation orders for aliens convicted of specified offenses.[13] Momoh was ordered deported for violation of INA § 241(a)(1)(A) and (B),[14] for reentering the United States after deportation without consent and for entry without inspection.[15] These are not among the offenses for which the IIRIRA's transitional rule § 309(c)(4)(G) precludes a direct appeal.[16] Momoh

---

[12]For the first time on appeal, the government argues that the district court lacked habeas jurisdiction because Momoh is not a criminal alien. We may consider this challenge to the district court's jurisdiction for the first time on appeal. *See Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

[13]*See Lerma de Garcia v. INS*, 141 F.3d 215, 216 (5th Cir. 1998).

[14]*See* 8 U.S.C. § 1227(a)(1)(A) and (B).

[15]The INS also sought to deport Momoh for having committed two crimes involving moral turpitude, which is a basis for deportation under INA § 241(a)(2)(A)(ii). Section 309(c)(4)(G) of the IIRIRA's transitional rules specifies that ground for deportation as one for which there may be no appeal. However, the immigration judge found that the record supported a finding that Momoh had been convicted of only one crime involving moral turpitude.

[16]Under IIRIRA § 309(c)(4)(G),
   there shall be no appeal permitted in the case of an alien who
   is inadmissible or deportable by reason of having committed a
   criminal offense covered in section 212(a)(2) [8 U.S.C. §
   1182(a)(2)] or section 241(a)(2)(A)(iii), (B), (C), or (D) [8

could have appealed his deportation order, although he failed to do so.

Since Momoh could have sought direct review, he may not obtain habeas review. In *Requena-Rodriguez v. Pasquarell*,[17] we held that Congress did not strip the courts of habeas jurisdiction under the transitional rules of the IIRIRA in cases to which § 1252(g) does not apply.[18] Section 1252(g) does not apply to Momoh's case. However, there is no habeas jurisdiction under the transitional rules when direct review is available.[19] The district court did not have habeas jurisdiction under 28 U.S.C. § 2241 because direct review was available to Momoh.

Momoh's Suspension Clause challenge also fails because he could have sought direct review. Although the transitional rules deprive the courts of habeas jurisdiction over Momoh's case, those

---

U.S.C. § 1227(a)(2)(A)(iii), (B), (C), or (D)] of the Immigration and Nationality Act (as in effect as of the date of the enactment of this Act), or any offense covered by section 241(a)(2)(A)(ii) [8 U.S.C. § 1227(a)(2)(A)(ii)] of such Act (as in effect on such date) for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 241(a)(2)(A)(i) [8 U.S.C. § 1227(a)(2)(A)(i)] of such Act (as so in effect).

[17]*See* 190 F.3d 299 (5th Cir. 1999).

[18]*See* 190 F.3d at 306.

[19]*See Rivera-Sanchez v. Reno*, 198 F.3d 545, 547-48 (5th Cir. 1999)(per curiam).

rules offer him judicial review that fulfills the guarantee of the Suspension Clause.[20]

## III.

The district court lacked jurisdiction over Momoh's habeas petition because he is not a criminal alien and direct appeal was available to him. Under the transitional rules of the IIRIRA, he could not seek habeas review of his deportation. We AFFIRM the dismissal of his habeas petition. All outstanding motions are DENIED.

AFFIRMED.

---

[20]*See Richardson v. Reno*, 180 F.3d 1311, 1315-16 (11th Cir. 1999)(interpreting IIRIRA's permanent rules).