United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 2, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 04-51256

(Summary Calendar)

————————

ELHACHMI ELYAKOUBI,

Petitioner - Appellant,

versus

ALBERTO R. GONZALES, UNITED STATES ATTORNEY GENERAL; MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND SECURITY,

Respondents - Appellees.

———————————————————————————————

Appeal from the United States District Court
For the Western District of Texas
USDC No. 3:03-CV-372

———————————————————————————————

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Elhachmi Elyakoubi ("Elyakoubi") appeals the district court's denial for lack of jurisdiction

of his petition for a writ of habeas corpus. Elyakoubi, a native of Morocco, argues that he was

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

improperly excluded from the United States and should have been subject to deportation rather than to exclusion. Elyakoubi avers that by excluding him rather than deporting him, the Attorney General exceeded his statutory authority to remove aliens. The district court determined that it lacked jurisdiction over the petition under 8 U.S.C. § 1252(g), a jurisdiction-stripping provision of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). Elyakoubi now appeals the denial of his petition.

I

Elyakoubi became subject to deportation hearings in 1995, during which he was granted voluntary departure. He entered Mexico, but once there was unable to obtain a visa to re-enter the United States. After Mexican officials returned him to the United States port of entry in El Paso, Immigration officials initiated exclusion proceedings under the IIRIRA. The Immigration Judge determined that Elyakoubi had voluntarily departed the United States, that Elyakoubi had not effected an "entry" within the meaning of the Immigration Code, and therefore that exclusion, rather than deportation, was appropriate. Elyakoubi appealed to the Board of Immigration Appeals ("BIA") and argued that he should be subject to deportation because his departure from the United States was "innocent, casual, and brief." *See Rosenberg v. Fleuti*, 374 U.S. 449, 461 (1963). The BIA rejected this argument and affirmed the Immigration Judge's decision. Elyakoubi did not appeal this decision to the circuit court.

In September, 2003, The Bureau of Immigration and Customs Enforcement issued a "bag and baggage" letter to petitioner, informing him of the pending execution of the exclusion order. Elyakoubi then filed a writ of habeas corpus with the district court. The district court denied the writ, determining that it lacked jurisdiction over Elyakoubi's petition, pursuant to 8 U.S.C. § 1252(g):

"[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The district court determined that § 1252(g) applied because Elyakoubi was, in effect, attempting to block the Attorney General from executing the removal order. The district court further held that even if § 1252(g) did not apply, it lacked jurisdiction under 28 U.S.C. § 2241 because Elyakoubi had not demonstrated that he could not have sought direct review of the BIA's decision. *See Santos v. Reno*, 228 F.3d 591, 595 (5th Cir. 2000) (quoting *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 305 (5th Cir. 1999) (indicating habeas jurisdiction includes only those "challenges [which] cannot be considered on direct review by the court of appeals"). While this appeal was pending, Elyakoubi received a second "bag and baggage" letter, arranging for his departure to Morocco on November 7, 2005. He moved for a temporary stay of removal pending resolution of his appeal, which we denied.

II

Elyakoubi argues that the district court possesses jurisdiction over his habeas petition pursuant to 28 U.S.C. § 2241. He further asserts that the jurisdiction-stripping provision of § 1252(g) does not apply because he is not challenging his removal, but rather the propriety of the proceedings that led to his removal. He maintains that it was inappropriate for him to have been placed in exclusion rather than deportation proceedings and that this challenge does not "arise from" the commencement or execution of the removal order. *See* 8 U.S.C. § 1252(g). We review a district court's dismissal for lack of subject matter jurisdiction *de novo*. *Lee v. Gonzales*, 410 F.3d 778, 780 (5th Cir. 2005).

The Supreme Court has generally held that habeas jurisdiction under § 2241 exists under the

IIRIRA. *INS v. St. Cyr*, 533 U.S. 289, 314 (2001). Furthermore, the Court has given § 1252(g) a "narrow" reading and stated that it "applies to only a limited subset of deportation claims." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999). Specifically, the Court read this provision to prevent judicial review of "the Attorney General's discrete acts of 'commenc[ing] proceedings, adjudicat[ing] cases, [and] execut[ing] removal orders') ) which represent the initiation or prosecution of various stages in the deportation process." *Id.* at 483. The Court believed that this provision was "designed to give some measure of protection to 'no deferred action' decisions and similar discretionary determinations, providing that if they are reviewable at all, they at least will not be made the bases for separate rounds of judicial intervention outside the streamlined process that Congress has designed." *Id.* at 485.

Whether § 1252(g) deprives us of jurisdiction over this habeas petition challenging the authority of the Attorney General to place petitioner in exclusion rather than deportation proceedings, however, does not answer the prior question of whether, even in the *absence* of this provision, the district court would possess jurisdiction over Elyakoubi's habeas petition under § 2241. Specifically addressing habeas jurisdiction after the passage of the IIRIRA, we have held that "a petitioner must exhaust available avenues of relief and turn to habeas only when no other means of judicial review exists." *Lee*, 410 F.3d at 785. When discussing another jurisdiction-stripping provision of the IIRIRA, we noted that if an alien brings an appeal for direct review and we determine that "the jurisdiction-stripping statute applies, we dismiss the case, and the alien, lacking another avenue of review, can proceed in habeas." *Salazar-Regino v. Trominski*, 415 F.3d 436, 444 (5th Cir. 2005). Even if Elyakoubi had harbored doubts as to our ability to hear his appeal, he should have filed for direct review of the BIA's decision. *See Lee*, 410 F.3d at 785 (noting that even if an alien is unsure

whether the circuit court has jurisdiction to hear his appeal, "he should have protected his rights by filing one"). The "failure to pursue [direct review] before filing [a] habeas petition in the district court" will trigger denial on jurisdictional grounds. *Id.* at 445.

Elyakoubi has not articulated any reason why he failed to bring a direct appeal to this court after the BIA entered its decision. Therefore we agree with the district court that it did not possess jurisdiction over the petition because Elyakoubi did not file a petition for review with this court subsequent to the decision by the BIA and prior to filing the habeas petition.

Accordingly, the decision of the district court to deny the writ for lack of jurisdiction is AFFIRMED.