United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-10103
Summary Calendar

JOSE ANGEL VASQUEZ-CRUZ,

Petitioner-Appellant,

versus

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
AND THE IMMIGRATION AND NATURALIZATION SERVICE,

Respondents-Appellees,

Appeal from the United States District Court
for the Northern District of Texas
(USDC No. 1:04-CV-119-C)

Before REAVLEY, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Jose Angel Vasquez-Cruz appeals the district court's dismissal of his petition

for habeas corpus for lack of jurisdiction. We affirm for the following reasons:

---

    *Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

1.  Section 1252(b)(5) of Title 8 is the exclusive statutory method of determining Vasquez-Cruz's claim of citizenship; and this claim must be brought as a petition for review of a final order of removal in this Court.   Petitioner failed to assert his claim of United States national status in this Court within thirty days of the final order of removal.  *See* U.S.C. § 1252(b)(1).  In fact, Vasquez-Cruz formally waived his right to appeal the February 20, 2002 immigration judge's order of removal and was removed to Mexico on February 21, 2002.  The thirty-day deadline for filing a petition for review of a final order of removal is jurisdictional. 8 U.S.C. § 1252(b)(1); *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003).

2.  Because we could have determined Vaquez-Cruz's claim on direct review, and he failed to pursue that avenue of relief before filing his habeas petition in the district court, dismissal of his habeas petition is appropriate.  *See Lee v. Gonzales*, 410 F.3d 778, 785 (5th Cir. 2005).

AFFIRMED.