United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 04-60875
Summary Calendar

———————————

ALEXANDER KERRICK MILLER,

Petitioner,

v.

ALBERTO R. GONZALES,
U.S. Attorney General,

Respondent.

———————————————————————————

On Petition for Review from an Order of
the Board of Immigration Appeals
No. A41360842

———————————————————————————

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM*

Alexander Miller, a native of Jamaica, petitions this Court for review of the Board of Immigration Appeals's ("BIA") order of removal. Concluding that 8 U.S.C. § 1252(a)(2)(C) strips this Court of jurisdiction, we DISMISS the petition for review.

———————————

* Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

## I.    PROCEDURAL HISTORY

Miller was born on September 2, 1969, in Jamaica to alien parents who were unmarried.  According to Miller's documentary evidence, his father, Donald Miller, later established paternity and gained legal custody of him through the Jamaican courts in 1978.  Donald Miller subsequently became a naturalized United States citizen.  Miller's parents married in 1979 and divorced in 1984.  However, Miller states that he did not have knowledge of these events as they occurred.  Miller was residing with paternal aunts and grandparents in Jamaica at the time of the divorce.  In 1986, on Miller's behalf, an application for an Immigrant Visa was filed with the Immigration and Naturalization Service ("INS").  The application was approved, and Miller entered the United States on September 8, 1987, six days after his eighteenth birthday.

On December 18, 1990, Miller was convicted in federal district court in the Southern District of Florida for unauthorized use of credit cards and sentenced to twenty-four months imprisonment. Based on that offense, Miller was deported from the United States to Jamaica on November 10, 1992, but thereafter he returned without permission.  On October 18, 2001, Miller was convicted in the federal district court in the Southern District of Florida for the offense of illegal reentry after deportation for an aggravated felony in violation of 8 U.S.C. section 1326(a), (b)(2) and sentenced to forty-one months imprisonment.

In December of 2003, Miller was notified of the institution of

the instant removal proceedings. After a hearing, the Immigration Judge ("IJ") ordered Miller removed from the United States to Jamaica. Miller appealed, and the BIA affirmed without opinion, rendering the removal order final. Miller now petitions this Court for review of the BIA's order of removal.

## II.  ANALYSIS

As a threshold question, we must determine whether we have jurisdiction. "[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" certain crimes set forth in 8 U.S.C. section 1252(a)(2)(C); *see Lee v. Gonzales,* 410 F.3d 778, 780-81 (5th Cir. 2005). Nevertheless, this Court retains jurisdiction "to consider whether the specific conditions exist that bar our jurisdiction over the merits, namely, whether the petitioner is (1) an alien, (2) who is deportable, (3) for committing the type of crime that bars our review." *Nehme v. INS,* 252 F.3d 415, 420 (5th Cir. 2001).

Miller concedes that he was convicted of a crime that would render an alien deportable. Miller argues, however, that he is not an alien because he derived citizenship from his father pursuant to 12 U.S.C. section 1432,[1] which provides that:

(a) A child born outside of the United States of alien

---

[1] Former 8 U.S.C. § 1432 was repealed February 27, 2001, *see* Pub.L. 106-395, § 104. The applicable law is the law in effect at the time of Miller's birth. *See United States v. Cervantes-Nava*, 281 F.3d 501, 503 n.2 (5th Cir. 2002).

parents, or of an alien parent and a citizen parent who

has subsequently lost citizenship of the United States,

becomes a citizen of the United States upon fulfillment

of the following conditions:

> . . .

> (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and if

> (4) Such naturalization takes place while such child is under the age of eighteen years; and

> (5) . . . thereafter *begins to reside permanently in the United States while under the age of eighteen years*.

(emphasis added).

It is undisputed that, after his father's naturalization, Miller entered the United States shortly *after* his eighteenth birthday.[2]  Thus, Miller has failed to meet the statutory requirements for derivative citizenship under section 1432.

Nevertheless, Miller argues that the delay was not his fault but the fault of the INS.  Miller's application for an Immigrant Visa was approved a little more than three months prior to his eighteenth birthday.  However, according to Miller, a consular

---

[2]  In making her determination regarding whether Miller had met the above statutory requirements for derivative citizenship, the IJ expressed doubt regarding whether Miller had proven that Donald Miller was his father.  For purposes of this appeal, we will assume without deciding that Miller did so prove.

officer in the United States Embassy in Jamaica rescheduled an interview from June 16, 1987, to September 8, six days after his eighteenth birthday.  Shortly thereafter, Miller received his Visa packet from the embassy and entered the United States.  Based on these events, Miller argues that "the Government delayed the processing of his Immigrant Visa after his 18th birthday although Said visa was in fact 'issued,' without any notification . . . ."

It appears Miller is attempting to argue that the government is estopped from denying him derivative citizenship.  To make a successful estoppel claim, Miller must at least show affirmative misconduct on the part of the government.  *Moosa v. I.N.S.,* 171 F.3d 994, 1004 (5th Cir. 1999).[3]  This Miller has failed to do. Without more, Miller's allegation that the consular officer rescheduled an interview to occur after his eighteenth birthday is not sufficient to show affirmative misconduct.  *See INS v. Miranda,* 459 U.S. 14, 18-19 (1982) (INS's 18-month delay in processing alien's application for permanent residency did not constitute affirmative misconduct); *cf. Montana v. Kennedy,* 366 U.S. 308, 314-15 (1961) (failure of American Consular Officer in Italy to issue passport to alien's mother, which allegedly resulted in alien's birth in Italy, did not constitute affirmative misconduct).

---

[3]    We assume without deciding that the "INS can *ever* be estopped from enforcing immigration laws because of its misconduct."  *Id.* at 1003 (citation omitted) (emphasis in original).

5

Because Miller has failed to show affirmative misconduct, his claim of estoppel fails.[4]  He failed to show derivative citizenship and is therefore an alien.  As previously set forth, we do not have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a crime involving moral turpitude.  8 U.S.C. § 1252(a)(2)(C).

III. CONCLUSION

For the above reasons, we DISMISS the appeal for lack of jurisdiction.

---

[4]  Miller also cites precedent from other circuits in an attempt to show that he should be excused from meeting the statutory requirement because of circumstances beyond his control. *See, e.g., Ramos-Hernandez v. INS,* 566 F.2d 638 (9th Cir. 1977). These cases are inapposite because they rely on the "principle of law that no conduct results in expatriation unless it is engaged in voluntarily." *Id.* at 643.  Miller is not being expatriated, having never met the statutory requirements for derivative citizenship.