United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

**No. 05-60549
Summary Calendar**

---

**ABRAHAM AGUILAR-CORTEZ,**

**Petitioner,**

**versus**

**ALBERTO R. GONZALEZ, U.S. ATTORNEY GENERAL,**

**Respondent.**

---

**Petition for Review from the
Board of Immigration Appeals
(A95 104 862)**

---

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Abraham Aguilar-Cortez petitions for review of the Board of Immigration Appeals' (BIA) order affirming the denial of his request for adjustment of status and final order of removal. The BIA ruled Aguilar was ineligible for adjustment of status pursuant to 8 U.S.C. § 1182(a)(9)(C)(i)(I) because he had accrued more than one year of unlawful presence in the United States *and* pursuant to § 1182(a)(2) because of his prior conviction for misprision of felony, in violation of 18 U.S.C. § 4.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On a petition for review of a BIA decision, factual findings are reviewed for substantial evidence; questions of law, *de novo*. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). We review the BIA's order and will consider the underlying IJ decision only if it influenced the BIA's determination. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002).

Aguilar contends his unlawful presence in the United States did not render him ineligible for adjustment of status under § 1182(a)(9)(C)(i)(I). We need not reach this contention, because Aguilar has *not* shown the BIA erred in determining he was ineligible for adjustment of status because his conviction for misprision of felony was a conviction for a crime of moral turpitude, making him ineligible for adjustment of status under § 1182(a)(2). *See Smalley v. Ashcroft*, 354 F.3d 332, 339 (5th Cir. 2003). Because Aguilar's conviction was for a crime of moral turpitude, we lack "jurisdiction over his final order of deportation". *Id.; see Lee v. Gonzales*, 410 F.3d 778, 783 (5th Cir. 2005).

Aguilar's assertion that the BIA violated his due process rights by considering the § 1182(a)(2) issue is unavailing. *See Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997); *Ghassan v. INS*, 972 F.2d 631, 635 (5th Cir. 1992), *cert. denied*, 507 U.S. 971 (1993).

*DENIED*

2