# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2012

No. 11-30570
Summary Calendar

Lyle W. Cayce
Clerk

HENRY ROBERT JEAN LEGER,

Petitioner-Appellant

v.

J.P. YOUNG; PHILLIP MILLER; JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY; ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:10-CV-1922

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Henry Robert Jean Leger, former federal prisoner # 12225-111, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition and the district court's denial of his motion for injunctive relief. Leger argues that the district court erroneously concluded that it lacked jurisdiction over his § 2241 petition because his petition did not attack a removal order. He also contends that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erroneously concluded that it lacked jurisdiction over his motion for injunctive relief because he did not ask the district court to stay a removal order.

This court reviews de novo the district court's legal conclusions on jurisdiction. *Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 396 (5th Cir. 2007). As the party seeking to invoke federal jurisdiction, Leger bears the burden of demonstrating that jurisdiction is proper. *Rivera-Sanchez v. Reno*, 198 F.3d 545, 546 (5th Cir. 1999).

Although the district court determined that it lacked jurisdiction over Leger's § 2241 petition because the petition attacked a removal order, the record in the instant case does not contain a removal order and it is unclear from the record when or if a removal order had issued. The district court's judgment may nevertheless be affirmed on the alternative ground that the district court lacked jurisdiction over the § 2241 petition because the relief sought by Leger in the district court was connected directly and immediately with the Attorney General's decision to commence removal proceedings against him. *See* 8 U.S.C. § 1252(g); *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999) (finding that no court has jurisdiction over claims directly and immediately connected with the Attorney General's decision to commence removal proceedings).

As to Leger's motion for injunctive relief, the district court correctly denied the motion because it lacked jurisdiction. *See Fabuluje v. Immigration and Naturalization Agency*, No. 00-10796, 2000 WL 1901410, at *1 (5th Cir. Dec. 5, 2000) (finding that the district court correctly determined that it was without jurisdiction to consider Fabuluje's request for an emergency injunction in order to stay removal proceedings because the relief sought was connected with the Attorney General's decision to commence removal proceedings against him). Thus, the judgment of the district court is AFFIRMED.